IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**KAYLYN JOHNSON,**

 **Plaintiff,**

v.         **CASE NO. 7:21-cv-00001**

**T C METZNER d/b/a MCDONALD'S,**

 **Defendant.**
_____/

## COMPLAINT

Plaintiff, KAYLYN JOHNSON, sues Defendant, TC METZNER d/b/a MCDONALD'S, and alleges:

## JURISDICTION

1. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 because Plaintiff's claim arises under the civil rights laws of the United States.

2. This Court has personal jurisdiction over the parties to this action because Plaintiff subjects herself to the jurisdiction of this Court and over Defendant, pursuant to 28 U.S.C. § 1391(d), because it is registered to do business in the State of Georgia, has an office for the transaction of business within the judicial district of this Court, and would be subject to personal jurisdiction in this Court's judicial district if the Court's judicial district were a separate state; and because, in

accordance with 42 U.S.C. § 12117(a), and 42 U.S.C. § 2000e-5(f)(3), the unlawful employment practices alleged in this civil action occurred within this Court's judicial district.

## VENUE

3. Venue of this action is properly in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within the judicial district of this Court, and Defendant is subject to the Court's personal jurisdiction with respect to this civil action.

## THE PARTIES

4. Plaintiff KAYLYN JOHNSON, is domiciled in Thomas County, Georgia.

5. At all times material, Defendant, TC METZNER d/b/a MCDONALD'S has been organized and existing under the laws of the State of Georgia with its principal place of business located at 701 South Broad Street, Thomasville, Georgia, 31782.

## CONDITIONS PRECEDENT

6. The Plaintiff has complied with all administrative prerequisites, which are necessary to file a complaint, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq., and The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, including filing a charge of discrimination

with the Equal Employment Opportunity Commission ("EEOC"), and this complaint has been filed within ninety days of receipt of the relevant Right to Sue Notice from the EEOC, which is attached hereto as Exhibit "A."

## STATEMENT OF THE ULTIMATE FACTS

7. Defendant is a franchise of McDonald's and is part of the Fast-Food & Quick-Service Restaurants Industry in Thomasville, Georgia.

8. Plaintiff began her employment with Defendant on or around October 23, 2019, as a crew member.

9. On or around October 26, 2019, Plaintiff was sexually harassed by another employee of Defendant, Mr. Joseph l/n/u (aka Paco) (black male).

10. Specifically, on two separate occasions on the aforementioned date, Joseph cornered Plaintiff, rubbed her vaginal area with his hands and exclaimed to her, "I can't wait to get in that." During the same encounter, Joseph also reached his hand to touch Plaintiff's breasts, though Plaintiff successfully pushed him away from her before he made contact with her body in that regard.

11. These advances toward Plaintiff were objectively offensive and unwelcomed, and were deemed so by Plaintiff.

12. These unlawful acts against Plaintiff were captured on Defendant's interior surveillance camera.

13. On or around October 27, 2019, Plaintiff presented at Defendant's corporate office located on South Broad Street in Thomasville, GA, and reported the above referenced sexual harassment against her to Ms. Tina l/n/u.

14. Tina advised Plaintiff that she could not speak to Plaintiff without a general manager being present, and therefore sent Plaintiff away without taking any adequate remedial measures to protect Plaintiff from future acts of workplace harassment.

15. Thereafter, Plaintiff reported the sexual harassment against her to Defendant's general manager, Mr. Telly l/n/u (black male), who watched the surveillance footage of the incidents and terminated Joseph's employment with Defendant.

16. After reporting the above referenced instances of sexual harassment, and subsequent to Joseph's termination, the remaining African American employees of Defendant retaliated against Plaintiff for objecting to, and reporting, the unlawful workplace harassment against her.

17. Specifically, said employees commented about Plaintiff, "this white bitch can't do anything right" and "this white bitch is too dumb to work here."

18. At all times material hereto, Plaintiff suffered from a learning disability, and the demeaning comments concerning her race and cognitive abilities were unwelcome and unlawful.

19. Additionally, after reporting the above referenced sexual harassment to Defendant, Defendant substantially decreased Plaintiff's scheduled work hours.

20. No reasonable person would continue to subject themselves to the work environment Plaintiff was made to endure, and Plaintiff's employment with Defendant was therefore constructively discharged on or around November 1, 2019.

21. Plaintiff has retained the undersigned to represent her in this action and is obligated to pay him a fee for his services. Defendant should be made to pay that fee pursuant to the applicable statutes at issue herein.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE
## AMERICANS WITH DISABILITIES ACT

22. Plaintiff incorporates by reference paragraphs 1-21.

23. At all times material, there was in full force and effect the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), which prohibits a "covered entity" from discriminating against a "qualified individual on the basis of a disability in regard to . . . other terms, conditions, and privileges of employment."

24. The prohibition against discriminating expressly includes "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability. . ."

25. Defendant is a covered entity under the ADA because it's an employer that is engaged in an industry affecting commerce and has 15 or more employees for

each working day in each of 20 or more calendar weeks in the current or preceding year.

26. Plaintiff is a qualified person with a disability because she is an employee with a mental impairment that substantially limits one or more major life activities, who can nevertheless perform the essential functions of her job with or without reasonable accommodations.

27. Defendant discriminated against Plaintiff in violation of the ADA on the basis of her disability because it failed to accommodate her disability, or even attempt the required "interactive process" with her to discuss accommodation, and refused to promote her because of her disability.

28. Additionally, the violations of the ADA by Defendant against Plaintiff were done with malice or with reckless indifference to Plaintiff's federally protected rights.

29. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages.  These damages have occurred in the past and are permanent and continuing.

30. To remedy Defendant's violations of the ADA, Plaintiff is entitled to the same remedies available to a victim of a violation of Title VII, namely, a declaration that Defendant violated the ADA; reinstatement to her employment and/or front pay; back pay with interest thereon at the prevailing rate; the reasonable value of all benefits lost, with interest thereon at prevailing rates; compensatory damages; punitive damages; costs and reasonable attorneys' fees.

## COUNT II
## SEXUAL HARASSMENT AND DISCRIMINATION

31. Plaintiff incorporates by reference paragraphs 1-21.

32. At all times material there was in full force and effect, Title VII, which, in material part, prohibits an employer from discriminating against an employee on the basis of sex.

33. Sex discrimination includes harassment based on an employee's sex by the employer or supervisory personnel, and failing to take adequate remedial measures to protect employees from sexual harassment caused by fellow employees.

34. Defendant violated Title VII by discriminating against Plaintiff based on her sex. The discrimination took the form of sexual harassment from a fellow employee resulting in strict liability to the Defendant for the actions of its employee, Joseph l/n/u (aka Paco).

35. Defendant is liable under Title VII for failing to take adequate remedial measures to protect Plaintiff from sex discrimination in the form of sexual harassment from Joseph l/n/u (aka Paco).

36. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, loss of income, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

## COUNT III
## RACE DISCRIMINATION

37. Plaintiff incorporates by reference paragraphs 1-21.

38. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §1981 and 42 U.S.C. §2000(e), et seq.

39. Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than similarly situated black employees of Defendant and has been subject to hostility and poor treatment on the basis of, at least in part, her race.

40. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and

inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

41. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

42. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

43. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

44. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's constructive termination.

45. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §1981 and 42 U.S.C. § 2000(e), et seq.

46. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life

and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages and equitable/injunctive relief.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII

47. Plaintiff incorporates by reference paragraphs 1-21.

48. In addition to prohibiting discrimination on the basis of sex, Title VII also prohibits an employer from retaliating against an employee who brings a claim or complains about an act that would violate Title VII. Because Plaintiff complained about sexual harassment and filed a claim concerning sexual harassment, Plaintiff was protected from retaliation as a result.

49. Defendant nevertheless retaliated against Plaintiff because she reported unlawful workplace behavior by reducing her hours. The events set forth herein led, at least in part, to Plaintiff's constructive termination.

50. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, loss of income, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

a) That this Court cause proper process to issue, requiring Defendant to answer this Complaint;

b) That this Court empanel a jury to try all issues so triable;

c) That this Court enter judgment in favor of the Plaintiff against the Defendant;

d) That this Court award Plaintiff declarative, injunctive, economic damages, liquidated damages, compensatory damages, punitive damages, costs and reasonable attorneys' fees; and

e) That this Court award such other, further relief to which Plaintiff may be entitled.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury in all issues herein that are so triable.

Dated this 7th day of January, 2021.

        Respectfully submitted,

        /s/ *Ryan P. Molaghan*
        Ryan P. Molaghan, Esq.
        Georgia Bar No. 842314
        **BROOKS, LEBOEUF, FOSTER,**
          **GWARTNEY, LEACE & HOBBS, P.A.**
        909 East Park Avenue
        Tallahassee, Florida 32301
        (850) 222-2000/(850) 222-9757 (fax)

ryanm@tallahasseesttorneys.com
jeanetta@tallahasseesttorneys.com

*Attorneys for Plaintiff*